MARY E. BEALS, Appellant, *v.* JOEL F. STEWART, Respondent.

(GENERAL TERM, FOURTH DEPARTMENT, JUNE, 1872.)

The purchaser of a mill and mill-pond, with an easement for running the
water from the pond through a race-way over adjoining land, is not
restricted in maintaining the race to the condition in which it was at the
time of his purchase, but acquires the right to make necessary improve-
ments to the full enjoyment of the easement.

Where the purchaser removed deposits in the race-way to the sides thereof,
and lowered its bed to its original depth, and below the depth at the time
of the purchase,—*Held*, that the removal being a necessary improve-
ment to the right to discharge the waters from the pond, he was not
liable in trespass to the owner of the servient estate.

*Held*, also, that the act was in the nature of a repair to the ditch and
authorized as such.

The right to use a pond as a mill-pond includes the right to float logs in the
pond for the use of the mill.

While the servient estate belonged to the plaintiff's grantee an encroach-
ment was made thereon by the dam of the dominant owner,—*Held*, that
the plaintiff could not maintain trespass, but must sue in ejectment.

THIS is an appeal from a judgment on the report of a
referee.

The evidence is not set forth in the bill of exceptions,
which simply states that the evidence tended to prove the
facts found by the referee.

The action is trespass, for entering upon the plaintiff's
premises, digging up the soil, and placing logs and other
obstructions thereon.

The judgment was for the defendant, and the plaintiff
appeals therefrom.

Present—MULLIN, P. J.; TALCOTT and BARKER, JJ.

BARKER, J.   In the year 1856 Benjamin Chamberlain was
the owner of the *locus in quo*, together with other lands adja-
cent thereto ; all situated upon a mill stream.   A mill-dam
was then constructed across the stream, and the mill-pond,
thus formed, flowed a portion of the lands beyond the natural
banks of the stream.   Below the dam, and some rods from

the stream, there was a saw-mill, propelled by the waters collected in the dam. The water used escaped by a tail-race, several rods in length, connecting with the natural stream.

Chamberlain first conveyed, in fee, a portion of these lands, upon which the saw-mill is erected, together with the mill-pond, and the privilege of keeping the water to a certain height, with all and singular the hereditaments and appurtenances thereto belonging or in anywise appertaining.

The defendant has succeeded to this title, and is in possession, using and operating the saw-mill.

Chamberlain then conveyed the remaining portions of this tract to other parties; and there is embraced therein the parcel of land of about one acre, over which the tail-race is located. The plaintiff now owns and occupies this parcel of land.

The mill was erected and the tail-race dug in the year 1843; and between that time and the conveyance of the mill property by Chamberlain the race filled up to the depth of six inches, by the operation of freshets in the stream. In 1870 the defendant entered upon the plaintiff's lands, and cleared out the tail-race by throwing out this deposit of earth, leaving the same on the banks of the race; thus opening the race to its original depth and no lower. For this act the plaintiff seeks to recover in this action.

The referee finds "that such removal of earth was necessary for the proper use of said mill by the defendant; and that in so doing the defendant did not lower the bed of the tail-race below or deeper than it was originally constructed," and did no unnecessary injury to the plaintiff's lands; and did nothing that was not required to protect the tail-race from injury.

It is not disputed by the plaintiff but that the defendant has an easement over his land for the purpose of running the water from the saw-mill to the creek.

He insists, however, that such privilege can only be rightfully enjoyed by the defendant in keeping the race in the exact condition, as to width and depth, as well as general

course, as the same was in fact on the day Chamberlain deeded the mill property.

The right acquired by the dominant estate over the servient estate, in virtue of Chamberlain's deed, was a discharge of the water used at the mill over the land in question. The owner of the dominant estate may at any time do that which is necessary to enjoy the easement and make the same effectual; and, as an incident thereto, keep the same in repair and fit for use. (Washburn on Easements, pp. 304, 566; *Prescott* v. *White*, 21 Pick., 341.)

It is to be observed, in considering what the owner of this easement may do, within the above rule, that the grant does not, in terms, prescribe the nature and dimensions of the ditch to be used in carrying away the water. The change of machinery, and alteration of the mode of using the power on the dominant estate, might necessitate a change in the structure of and require greater depth in the tail-race; then such owner can, of right, do such things. On the other hand, the servient estate may advance in value, and be used for purposes very different than those to which it was applied when the burden was first imposed upon it. In such changed circumstances the owner of the easement would, doubtless, be required to keep the race in better repair, and maintain it by a different structure than when the use was first enjoyed, if required, so as not to do unnecessary injury to the land-owner. It follows, that the proposition urged by appellant cannot be adopted as the law of this case.

We are of the opinion that the act of the defendant, in sinking the race to its original depth, is justified, under the finding of the referee, as a necessary improvement, to the full enjoyment of the right to discharge water over the plaintiff's land. Besides, it is very plain that the removal of the earth was an act in the nature of a repair to the ditch.

The plaintiff also complains that floating saw-logs in the mill-pond is a user not secured by the grant under which the defendant claims. The plaintiff is the owner of the fee of the land flooded by the mill-pond; but the right to use the

same for a mill-pond gives the right to float logs therein for the use of the mill. It is quite a customary way of moving logs into the mill, to use the pond as a boom, and then run them through the head-race to the saw-carriage. Such use nowise increases the burden imposed on the lands; and in this instance it is impossible to see how the owner has been in the least injured or disturbed.

Before Chamberlain conveyed the lands owned by the plaintiff the defendant altered the south-east corner of the mill-dam, and a section of it was constructed on lands then owned by Chamberlain. For this act the plaintiff cannot maintain trespass; her remedy is ejectment.

The judgment appealed from is affirmed, with costs.

Judgment affirmed.